UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-098-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICAH T. ISRAEL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Micah T. Israel's motion for leave to file a motion to suppress after the deadline set by the Court under Federal Rule of Criminal Procedure 12. [Record No. 28] No response to the motion is necessary. Being sufficiently advised, the Court will deny Israel's motion.

Israel has already waived any Rule 12(b)(3) defenses, objections or requests not made by the Court's deadline. *See* Fed. R. Cr. P. 12(e); *United States v. Walden*, 625 F.3d 961, 964 (6th Cir. 2010). The Court may only consider a late motion, and thereby grant relief from the waiver, upon a showing of good cause by the moving party. *Id.* "Good cause is a flexible standard heavily dependent on the facts of the particular case as found and weighed by the district court in its equitable discretion." *Walden*, 625 F.3d at 965. However, "[a]t a minimum, good cause requires a party to 'articulate some legitimate explanation for the failure to timely file.'" *United States v. Mohammed*, 501 F. App'x 431, 438 (6th Cir. 2012) (quoting *Walden*, 625 F.3d at 965). Israel's counsel indicates that she "did not file any pretrial motions, believing none to be appropriate," but that Israel now wishes her to file a

motion to suppress. "Generally, if the failure to timely file occurred as a result of a lawyer's conscious decision not to file a pretrial motion before the deadline, the party seeking a waiver will not be able to establish good cause." *Walden*, 625 F.3d at 965. Israel cites to a number of practical considerations, such as cost and time economy, in support of his motion. However, Israel fails to sufficiently explain the delay in filing. Consequently, Israel has failed to show good cause in this instance. The Court further notes that, in addition to the lack of good cause for the delay, Israel has not shown a good faith basis that a motion to suppress would have any merit. Accordingly, it is

**ORDERED** that Defendant Micah T. Israel's motion for leave to file a late pretrial motion [Record No. 28] is **DENIED**.

This 6th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge