UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 14-098-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 17-312-DCR |
| | ) | |
| MICAH T. ISRAEL, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Following a two-day jury trial, Defendant Micah Israel was convicted of attempting to possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a) and 846. [Record Nos. 56, 74] He was sentenced to a 420-month term of imprisonment, followed by an eight-year term of supervised release. [Record No. 74] The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. *United States v. Israel*, 662 F. App'x 382 (6th Cir. 2016). The matter is now pending for consideration of Israel's *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [Record No. 115] and for an evidentiary hearing [Record No. 128].

Consistent with local practice, Israel's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). After completion of briefing by the parties, United States Magistrate Judge Candace J. Smith recommended that Israel's § 2255 motion and request for an evidentiary hearing be denied. [Record No. 131] Although this Court must make a *de novo* determination of those portions

of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Neither party has filed objections to the Magistrate Judge's Report and Recommendation.[1]

### I.

Israel claims that the statutes underlying his conviction are unconstitutional and that his trial attorney provided constitutionally-ineffective assistance. The Magistrate Judge issued a thorough, forty-three page Report and Recommendation explaining why Israel's arguments lack merit. Despite Israel's failure to file objections to the Magistrate Judge's findings, the Court has reviewed each of Israel's arguments and agrees with the Magistrate Judge's assessment, as explained below.

Israel waived the arguments regarding the constitutionality of 21 U.S.C. §§ 841 and 846 by failing to raise them on direct appeal. *See Regalado v. United States*, 334 F.3d 520, 527-28 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Regardless, these arguments are without merit. Israel challenges the constitutionality of § 841(a)(2), which prohibits certain acts involving counterfeit substances. This provision was not implicated in his conviction. Instead, Israel was convicted of attempting to possess cocaine under § 841(a)(1). The fact that the cocaine turned out to be fake is of no consequence. And to the extent that Israel argues that § 841(b) does not include a penalty for his crime, that assertion is

---

[1] Israel filed a motion requesting a 60-day extension in which to file objections, but the motion was denied for lack of good cause. [Record Nos. 132, 133]

simply incorrect. *See Gudger v. United States*, 2: 13-CR-75, 2017 WL 2951443, *4 (E.D. Tenn. July 7, 2017).

Israel also argues that § 846 is unconstitutional because "the federal law of conspiracy is vague and does not adequately inform citizens as to what is illegal." [Record No. 115-1, p. 17] To begin, Israel was convicted of attempting to violate § 841(a)(1), not of conspiring to do so. And as the Magistrate Judge correctly noted, § 846 is not viewed in isolation. Here, it is read in conjunction with §841(a)(1), which describes the substantive crime the defendant was convicted of attempting to commit. Section 841(b) describes the corresponding penalties and the defendant has failed to articulate any cognizable constitutional challenge. *See United States v. Spearman*, 39 F. App'x 63, 71 (6th Cir. 2002) (upholding constitutionality of §§ 841 and 846); *United States v. Collins*, 272 F.3d 984 (7th Cir. 2001) (rejecting defendant's argument that § 846 is unconstitutionally vague because it does not define attempt or conspiracy).

## II.

Israel also contends that his trial attorney, Benjamin Hicks, provided constitutionally ineffective assistance. A defendant's right to effective assistance of counsel is violated when defense counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Israel first argues that Hicks erroneously advised him that he was charged with conspiracy under 21 U.S.C. § 846 as opposed attempt under the same statute. In support, he provides a letter from Hicks dated December 19, 2014, in which Hicks advised Israel that, even if the items seized from Israel's residence were suppressed, he would still face "the same conspiracy charge." [Record No.

115-1, p. 34] Israel argues that this mistake caused him to "pass up a plea agreement or negotiation" and proceed to trial. [Record No. 115-1, p. 5]

It is unclear why counsel's letter contained the isolated reference to a conspiracy charge. However, the transcript from Israel's initial appearance confirms that Israel received a copy of the indictment, which clearly charged him with criminal attempt—not conspiracy. Further, the Magistrate Judge read aloud the attempt charge and Israel confirmed his understanding of it. [Record No. 98, pp. 8-11] Although Hicks did not represent him at the time of his initial appearance, a superseding indictment was never filed in the case, so Israel had no reason to believe that the charge against him ever changed. Additionally, as the Magistrate Judge explained in the Report and Recommendation, Israel has not explained why he would have been more likely to plead guilty to attempt as opposed to conspiracy, based on the same set of facts. Accordingly, he has failed to indicate show how he was prejudiced by trial counsel's performance in this respect.

Israel also contends that Hicks performed deficiently by failing to argue against his designation as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The United States filed a Notice of Enhanced Statutory Punishment on September 16, 2014, which indicated that Israel had a 2005 federal conviction for possession with the intent to distribute cocaine base [Lexington Crim. No. 05-04] and a 2003 state-court conviction for trafficking in a controlled substance, first degree [Fayette Circuit No. 03-470]. [Record Nos. 17, 66]

Section 4B1.1 of the Sentencing Guidelines provides that a defendant is a career offender if he was at least 18 when he committed the instant offense; the instant offense a felony that is either a crime of violence or a controlled substance offense; and "the defendant

has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Israel concedes that the first two elements are satisfied. However, he contends that Hicks should have argued that his 2003 state-court conviction was not a "controlled substance offense" for purposes of § 4B1.1.

The gist of Israel's argument is as follows: Kentucky's first-degree trafficking statute prohibits knowing, but not "intentional" conduct. *See* K.R.S. § 218A.1412. He asserts that his conviction cannot be a predicate offense because the Kentucky statute does not mirror the text of 21 U.S.C. § 841(a). But as the Magistrate Judge explained, this theory has no basis in the law. "Controlled substance offense" means

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2. "Traffic" is defined under Kentucky law as "manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance." K.R.S. § 218A.010(55). The penalties for first-degree drug trafficking vary, but in no event is the sentence less than one year. *See* K.R.S. § 532.060(2)(d). Accordingly, Israel has failed to identify any basis upon which his first-degree trafficking conviction would not constitute a controlled substance offense under § 4B1.1 of the Sentencing Guidelines. Counsel is not required to raise a meritless argument to avoid a claim of ineffective assistance of counsel. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

Israel next argues that Hicks' representation was ineffective based on his inaction in response to a portion of the trial testimony of Sgt. James Ensminger. Ensminger testified that, after arresting Israel outside his home, he knocked on the door and Israel's girlfriend, Jashae

Watts, allowed him inside. Watts testified that she did not recall Ensminger knocking, but remembered that he "came inside with a weapon drawn." [Record No. 96, p. 99] Israel contends that Ensminger's testimony was false and that his actions that day were grounds for suppressing the evidence that was seized from his residence. However, accepting Watts' version of the events as true and assuming that Ensminger did not knock before entering the house to perform a protective sweep, suppression of evidence is not an appropriate remedy for violation of the knock-and-announce rule. *United States v. Smith*, 526 F.3d 306, 311 (6th Cir. 2008).

Finally, Israel contends that Hicks provided ineffective representation because he failed to argue facts "advised and requested by [Israel]." [Record No. 115-1, p. 22] Specifically, Israel claims that his co-defendant Emmanuel Chenault came to his home for a casual visit on July 1, 2014, and left an odd package in the bathroom. Israel alleges that when he discovered the package, he rushed out to confront Chenault, but he was gone. Israel contends that "some cash" was missing, which he assumed Chenault had picked up on his way out the door. *Id.* Israel argues that the trial probably would have had a different outcome if Hicks had addressed his version of events.

Israel has not suggested how this version of events could have been proven at trial. As the Magistrate Judge noted, neither Israel nor Chenault testified. Further, officers testified regarding their observation of Chenault entering Israel's residence on July 1, 2014, after Chenault purchased four kilograms of counterfeit cocaine from a cooperating individual. [Record No. 95, p. 26] When Chenault left Israel's residence, officers conducted a traffic stop and located $35,000.000 in cash and only three of the four kilograms of counterfeit cocaine in Chenault's vehicle. *Id.* at p. 30.

Watts testified that Israel appeared upset and left the house on the afternoon of July 1, 2014. [Record No. 96, pp. 84-85] Watts called Israel to ask what was wrong and he advised her that the police were following him. *Id.* at p. 86. She testified that Israel instructed her to remove items from the bathroom and throw them over the fence, which she did. *Id.* at pp. 89-90. Officers retrieved these items, which included a piece of wood, scales, and a plastic glove. *Id.* at p. 92. Upon execution of the search warrant, officers located a box of gloves, sandwich bags, a CD case with suspected cocaine residue, and scales with cocaine residue in Israel's bathroom. *Id.* at p. 94. A firearm and ammunition, a currency counter, and marijuana and cocaine handbooks were located in Israel's bedroom, as well as a box of Cocaine Cuts test kits. *Id.* at pp. 50-60.

The jury was properly instructed that the lawyers' statements and arguments are not evidence. The jury was required to decide the case based on the evidence, which consisted of what the witnesses said while they were testifying under oath and the exhibits that were allowed into evidence. Israel has not identified and the Court is not aware of any possible witness or evidence that Hicks could or should have offered to support this theory. And as already explained in depth in the Magistrate Judge's Report and Recommendation, the evidence of Israel's guilt is overwhelming. Accordingly, Israel cannot establish that he was prejudiced by Hicks' failure to pursue this alternate factual theory.

### III.

Finally, the Court will deny Israel's motion for an evidentiary hearing and for the appointment of counsel. For the reasons stated in the Magistrate Judge's Report and Recommendation, as well as the foregoing analysis, the record conclusively shows that the

movant is not entitled to any relief.  Accordingly, a hearing is not required.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

### IV.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2).  When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Israel has not made a substantial showing that he was denied his constitutional rights.  Reasonable jurists would not debate the denial of Israel's § 2255 motion or concluded that the issues presented are adequate to deserve encouragement to proceed further.  *Id.*  A Certificate of Appealability will not be issued.  Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Candace J. Smith [Record No. 131] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Micah T. Israel's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 115] is **DENIED**.

3. Defendant Micah T. Israel's motion for an evidentiary hearing [Record No. 128] is **DENIED**.

4. A Certificate of Appealability shall not issue with respect to any claim raised in this proceeding.

5. A Judgment in favor of the United States shall issue on this date.

This 1st day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge