UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-098-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICAH T. ISRAEL, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Micah Israel was convicted of attempting to possess with the intent to distribute 500 grams or more of a mixture or substance containing cocaine and was sentenced to 420 months' imprisonment. [Record No. 74] Israel's conviction and sentence were affirmed on direct appeal and upheld on collateral attack under 28 U.S.C. § 2255. Israel has now filed a motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the United States Court of Appeals for the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019).

There are a limited number of avenues to challenge a criminal sentence once it has been finally imposed. Rule 60(b) does not apply to criminal proceedings and may not be used to disturb a criminal sentence or conviction. *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011). While Rule 60(b) sometimes applies in habeas corpus proceedings, the Court rejects the defendant's suggestion that the present motion is related to his previous habeas motion, as it involved entirely different issues and was denied in March 2018. Put simply, the

defendant has not identified any procedural device entitling him to relief under *Havis*. Accordingly, it is hereby

**ORDERED** that the defendant's motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure [Record No. 142] is **DENIED**.

Dated: September 26, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky